IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00327-RJC-SCR

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TONY GARRETT TAYLOR | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) and (c)(2), (Doc. No. 30); the government's response, (Doc. No. 33); and the defendant's reply. (Doc. No. 34).

First, the defendant seeks the benefit of on Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 30: Motion at 7). Part B, Subpart 1 of the Amendment is retroactive and created a two-level decrease if a defendant meets all the criteria in USSG §4C1.1(a). USSG §1B1.10(d), comment. (n.7). Here, the defendant received an aggravated role adjustment. (Doc. No. 17: Presentence Report ¶ 39). Accordingly, he is not eligible for relief under § 3582(c)(2) because his sentencing range has not been lowered. USSG § 4C1.1(a)(10).

Second, under § 3582(c)(1)(A), the defendant asserts that his health and family situation are extraordinary and compelling circumstances for a sentence reduction. (Doc. No. 30: Motion at 7-8). When he was at the Edgefield Federal Prison Camp, the defendant claimed that his chronic asthma and orthopedic complications could not be adequately treated in the prison environment and that being incarcerated away from his family has caused his children to suffer. (Id.). He

has since been released to supervision by the Raleigh (North Carolina) Residential Reentry Management field office and has not shown that such problems remain. https://www.bop.gov/inmateloc/

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge